IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:21CR90 |
|---|---|
| Plaintiff, | |
| vs. | SUPERSEDING INDICTMENT |
| JONATHON J. STIDHAM a/k/a "Bob White", JUSTIN T. HAIL a/k/a "Eddie Hyde", ROBERT A. HOOD, a/k/a "Jason Long", LINDSEY J. GARCIA, JUSTIN B. AMES, and FERNANDO LOPEZ-REYES, | [21 U.S.C. §§ 841(a)(1) & (b)(1) and 846 21 U.S.C. § 853, 18 U.S.C. §§ 1956(a)(1)(B)(i), (a)(2)(A) & (h), 18 U.S.C. § 982(a)(1)] |
| Defendants. | |

The Grand Jury Charges:

## COUNT 1
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning on or about an unknown date but at least as early as on June 13, 2017, and continuing to in or about March, 2021, in the District of Nebraska and elsewhere, the Defendants, JONATHON J. STIDHAM a/k/a "Bob White", JUSTIN T. HAIL a/k/a "Eddie Hyde", ROBERT A. HOOD, a/k/a "Jason Long", LINDSEY J. GARCIA, JUSTIN B. AMES, and FERNANDO LOPEZ-REYES, knowingly and intentionally combined, conspired, confederated and agreed together and with other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States, to distribute and possess with intent to distribute:

1. anabolic steroids, Schedule III controlled substances, and

2. 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and

3. a mixture and substance containing a detectable amount of N-Ethylhexedrone, a Schedule I controlled substance, and

4. a mixture or substance containing Alprazolam, a Schedule IV controlled substance.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

6. It was part of the conspiracy that certain of its members established and used a private Facebook group known as "Bob's Custom Clothing Warehouse", which functioned as an online storefront for anabolic steroids and other controlled substances. Members of the conspiracy trafficked anabolic steroids and other controlled substances to customers throughout the United States. Members of the conspiracy and customers used coded terminology when referring to controlled substances, e.g. "shirts", "primo suits", and "secret recipes".

7. It was further part of the conspiracy that certain of its members operated clandestine laboratories to convert raw materials such as steroid powders into finished anabolic steroids. At least one member of the conspiracy imported anabolic steroids and other controlled substances from China.

8. Sales of controlled substances were paid for using cryptocurrency and cash. Cash payments were often made electronically using digital payments platforms (e.g. PayPal).

9. It was further part of the conspiracy that its members used various methods designed to protect the membership's anonymity and to provide security for the criminal organization from law enforcement and other criminal organizations. These methods included:

    a. The use of cryptocurrencies (e.g. Bitcoin);

    b. The use of virtual currency exchanges (e.g. Coinbase);

    c. Private messaging including the use of encrypted messaging applications (e.g. Wickr).

10. It was further part of the conspiracy that certain of its members used the United States Postal Service as a means of distributing the anabolic steroids and controlled substances,

and that certain of its members received illicit shipments from producers and thereafter repackaged and redistributed them through the United States Postal Service to end customers as a means to further obfuscate the sources of the anabolic steroids and controlled substances.

All in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1) and 846.

## COUNT 2
(Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h))

1. Between an unknown date, as early as in or about April 12, 2018, and continuing to in or about March, 2021, in the District of Nebraska and elsewhere, the Defendants, JONATHON J. STIDHAM a/k/a "Bob White", JUSTIN T. HAIL a/k/a "Eddie Hyde", ROBERT A. HOOD, a/k/a "Jason Long", LINDSEY J. GARCIA, and FERNANDO LOPEZ-REYES, did knowingly and intentionally combine, conspire and agree with other persons known and unknown to the Grand Jury to commit certain offenses under Title 18, United States Code, Section 1956, to wit:

   a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

2. It was part of the conspiracy for its members to use cryptocurrency (e.g. Bitcoin) to conceal and disguise the nature, source, ownership, and control of the drug proceeds.

3. It was further part of the conspiracy for its members to maintain and control digital currency addresses through which customers paid them in exchange for controlled substances.

4. It was further part of the conspiracy for its members to use digital currency exchanges (e.g. Coinbase) through which customers paid them in exchange for controlled substances.

5. It was further part of the conspiracy for its members to use peer-to-peer digital payments platforms (e.g. PayPal) through which customers paid the cash in exchange for controlled substances and through which the members of the conspiracy transferred funds among and between themselves.

6. It was further part of the conspiracy that its members used various methods designed to protect the membership's anonymity and to provide security for the criminal organization from law enforcement and other criminal organizations. These methods included:

    a. Using aliases and false names for messaging application accounts, financial accounts, and digital payments platforms.

    b. Private messaging including end-to-end encrypted messaging applications.

7. It was further part of the conspiracy that certain of its members used "shell companies", i.e. legal incorporated businesses, to disguise illicit proceeds as derived from legitimate sources and to commingle illicit proceeds with legitimate funds.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3
(Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h))

1. Between an unknown date, as early as in or about April of 2018, and continuing to in or about March, 2021, in the District of Nebraska and elsewhere, Defendant FERNANDO LOPEZ-REYES, did knowingly and intentionally combine, conspire and agree with other persons known and unknown to the Grand Jury to commit certain offenses under Title 18, United States Code, Section 1956, to wit:

   a. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841 and 846, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and Title 18, United States Code, Section 2.

## MANNER AND MEANS

2. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

3. It was part of the conspiracy that Defendant FERNANDO LOPEZ-REYES would receive payment for anabolic steroids and other controlled substances from customers throughout the United States, including from the District of Nebraska, and thereafter effect the international transfer of funds from the United States to multiple recipients residing in different cities in China.

4. It was further part of the conspiracy that Defendant FERNANDO LOPEZ-REYES received anabolic steroids and other controlled substances from a Chinese supplier. Upon receipt of the controlled substances, Defendant LOPEZ-Reyes would finish the

manufacture of anabolic steroids in a clandestine laboratory and thereafter distribute them to customers in the United States.

5. It was further part of the conspiracy that Defendant FERNANDO LOPEZ-REYES wired and transferred funds to Chinese recipients as payment for the controlled substances, and to obtain additional controlled substances.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-3 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Title 18 United States Code, Section 982(a)(1).

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, alleged in Count 1 of this Superseding Indictment, the Defendants, JONATHON J. STIDHAM a/k/a "Bob White", JUSTIN T. HAIL a/k/a "Eddie Hyde", ROBERT A. HOOD, a/k/a "Jason Long", LINDSEY J. GARCIA, JUSTIN B. AMES, and FERNANDO LOPEZ-REYES, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. Such property includes, but is not limited to, the property described below in paragraphs 3(a)-(g).

3. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, alleged in Counts 2 and 3 of this Superseding Indictment, the Defendants, JONATHON J. STIDHAM a/k/a "Bob White", JUSTIN T. HAIL a/k/a "Eddie Hyde", ROBERT A. HOOD, a/k/a "Jason Long", LINDSEY J. GARCIA, and FERNANDO LOPEZ-REYES, shall forfeit to the United States of America any

property, real or personal, involved in such offense, and any property traceable to such property. Such property includes, but is not limited to, the property described below in paragraphs 3(a)-(g).

   a.   .02224148 Bitcoin, valued at approximately $1,169.01 when it was seized on or about March 24, 2021 from Defendant FERNANDO LOPEZ-REYES.

   b.   .33941391 Bitcoin, valued at approximately $18,510,82 when it was seized on or about March 23, 2021 from five Bitcoin wallets used by Defendant JUSTIN T. HAIL.

   c.   1.86453328 Bitcoin Cash, valued at approximately $1,169.01 when it was seized on or about March 23, 2021 from Defendant JUSTIN T. HAIL.

   d.   .45981971 Ethereum, valued at approximately $771.49 when it was seized on or about March 23, 2021 from Defendant JUSTIN T. HAIL.

   e.   The Defendants, JONATHON J. STIDHAM a/k/a "Bob White", JUSTIN T. HAIL a/k/a "Eddie Hyde", ROBERT A. HOOD, a/k/a "Jason Long", LINDSEY J. GARCIA, and FERNANDO LOPEZ-REYES's, interest in funds in unidentified cryptocurrency accounts.

   f.   United States Currency in the approximate amount of $5,993.47, seized on or about April 2, 2021 from Defendant JONATHON J. STIDHAM's Northwest Community Credit Union personal checking account xxxxxx6153 and business checking account xxxxxx6179.

   g.   A Money Judgment against the Defendants in favor of the United States of America:

i. a sum of money equal to the value of the property constituting, or derived from, any proceeds Defendants obtained, directly or indirectly, as a result of the offenses alleged in Counts 1-3.

4. If any of the property, as a result of any act or omission of the defendant[s]:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

The United States of America requests that trial of this case be held at Omaha, Nebraska, pursuant to the rules of this Court.

CHRISTOPHER L. FERRETTI
Assistant U.S. Attorney